

**FILED** AJS

4/15/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. **1:21-cr-00239** |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| DANIEL M. ROSENBAUM | ) | Code, Sections 1341 and 1343 |

<u>COUNT ONE</u> **Judge Robert M. Dow**
**Magistrate Judge Jeffrey Cummings**

The SPECIAL JANUARY 2020 GRAND JURY charges:

1.  At times material to this indictment:

    a.  Defendant DANIEL M. ROSENBAUM became a licensed insurance producer (also known as an insurance agent) in Illinois in April 2012.

    b.  Defendant ROSENBAUM owned Alexander & Rosenbaum Financial Group LLC ("Alexander & Rosenbaum"), based in Kenilworth, Illinois. Alexander & Rosenbaum operated as an insurance agency that obtained quotes for insurance products, including annuities, from insurance companies on behalf of clients.

    c.  Defendant ROSENBAUM acted as an insurance broker, that is, a representative of Alexander & Rosenbaum who obtained quotes for insurance products, including annuities, from insurance companies on behalf of clients.

    d.  An annuity was an insurance product for which a policy holder paid one or more premiums to an insurance company in exchange for the right to receive a later payment or series of payments. Upon the policy holder's death, the

balance of the annuity, minus penalties or other charges, was paid to the named beneficiary or to the estate of the policy holder.

e. According to the terms of agreements between insurance companies and insurance brokers, an insurance broker authorized to sell and distribute an insurance company's products was required to forward to the insurance company any premium the insurance broker received in connection with an application for an insurance product or an existing insurance product and could not use the premium for any personal or other purpose.

2. Beginning no later than in or around November 2016, and continuing until in or around March 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

DANIEL M. ROSENBAUM,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendant ROSENBAUM falsely told victims, including Victims A through D (collectively, the "Victims"), that he would purchase annuities for them through various insurance companies, when defendant ROSENBAUM knew that he would not purchase such annuities and instead would convert the money Victims provided as annuity premiums to his personal use, thereby leaving Victims without annuity coverage.

4.     It was further part of the scheme that defendant ROSENBAUM provided and caused to be provided to Victims copies of fake annuity contracts and statements that purported to represent the existence of legitimate annuities from insurance companies, when defendant ROSENBAUM knew that the annuity contracts and statements were fraudulent and that he had not obtained annuities for Victims.

5.     It was further part of the scheme that defendant ROSENBAUM collected and caused to be collected annuity premiums from Victims that he fraudulently represented he would use as payment to insurance companies for annuities, but instead used those funds for himself, including, to buy goods, services, and to pay debts he owed to various retail establishments.

6.     It was further part of the scheme that defendant ROSENBAUM used annuity premiums that he fraudulently collected and caused to be collected from Victims to repay annuity premiums he owed to other Victims whose funds he used for himself without authorization.

7.     It was further part of the scheme that, in order to conceal the fraud, defendant ROSENBAUM falsely promised Victims that he would return the annuity premiums that the Victims provided, when he knew that he had spent the Victims' funds for his personal benefit and was not able to repay them.

8.     It was further part of the scheme that defendant ROSENBAUM falsely claimed to be a relative of a Victim when defendant ROSENBAUM was questioned

about his attempt to immediately withdraw that Victim's funds after depositing that Victim's checks into a financial account.

9.     It was further part of the scheme that defendant ROSENBAUM did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

10.     On or about May 10, 2017, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

DANIEL M. ROSENBAUM,

defendant herein, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the directions thereon, an envelope with the address of Victim A, at a location in Chicago, Illinois, containing a fake annuity contract;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 9 of Count One of this indictment are incorporated here.

2.    On or about February 25, 2019, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

DANIEL M. ROSENBAUM,

defendant herein, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the directions thereon, an envelope addressed to ROSENBAUM, at a location in Highland Park, Illinois, containing two checks totaling approximately $102,701.02 from Victim B to ROSENBAUM, which funds ROSENBAUM falsely claimed would be used for the premium for an annuity for Victim B;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 9 of Count One of this indictment are incorporated here.

2.     On or about April 5, 2019, at Mundelein, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DANIEL M. ROSENBAUM,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $102,597.17 from Victim C's bank account to ROSENBAUM's Capital One bank account, which funds ROSENBAUM falsely claimed would be used for the premium for an annuity for Victim C;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 9 of Count One of this indictment are incorporated here.

2.     On or about November 12, 2019, at South Chicago Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DANIEL M. ROSENBAUM,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $50,000 from Client A's bank account to ROSENBAUM's Capital One bank account, which funds ROSENBAUM falsely claimed would be used for the premium for an annuity for Victim A;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL JANUARY 2020 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 9 of Count One of this indictment are incorporated here.

2.     On or about May 15, 2020, at Highland Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DANIEL M. ROSENBAUM,

defendant herein, for the purpose of executing the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System in the amount of approximately $15,209.22 from Victim D's bank account to the First Bank of Highland Park account of Individual A, a relative of ROSENBAUM, which funds ROSENBAUM falsely claimed would be used for the premium for an annuity for Victim D;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The SPECIAL JANUARY 2020 GRAND JURY further alleges:

1.     Upon conviction for an offense in violation of Title 18, United States Code, Sections 1341 or 1343, as set forth in this indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly and indirectly as a result of the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of at least approximately $400,000.

3.     If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY