IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 21-cr-00239-1 |
| ) | |
| DANIEL ROSENBAUM, ) | Honorable Manish Shah |
| Defendant. ) | |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

Defendant, Daniel Rosenbaum, by his attorneys Steven R. Decker and James F. DiQuattro, responds in relevant part to the Government's Sentencing Memorandum. Defendant states as follows:

### Introduction

Defendant, Daniel Rosenbaum, responds to the Government's Memorandum in relevant part. Only responding to arguments Defendant Rosenbaum feels need to be immediately addressed while not acquiescing to any arguments and assertions made in the Government's memorandum. Defendant Rosenbaum maintains his position and arguments in his previously filed memorandum and reserves any additional rebuttal necessary for arguments at the sentencing hearing.

### The Government's Assertion that Rosenbaum Caused Substantial Financial Hardship to Five or More Victims is Incorrect

Mr. Rosenbaum disagrees with the Government that his offenses caused substantial financial hardship to five or more victims. Mr. Rosenbaum asserts that the Government has failed to meet their burden regarding this particular enhancement. While the Government asserts that at least one of the factors outlined in application note 4(F) to Guideline 2B1.1 apply to each victim they listed, Mr. Rosenbaum asserts that is not enough to show substantial financial

hardship. As stated in Defendant's sentencing memorandum, factors i, ii, or vi do not apply to any of the victims here. Mr. Rosenbaum responds in turn:

Victim R.N.

Defendant respectfully disagrees with the Government that victim R.N. suffered substantial financial hardship. Defendant Rosenbaum asserts that there was no substantial change in living arrangements for R.N. or his wife. R.N. did not change his living arrangements. His wife's living arrangements were going to be changed regardless due to her having to be placed in a long-term care facility regardless of the money issue. The Government's argument that R.N. experienced a substantial financial hardship by changing living arrangements must fail.

Victim T.N.

Mr. Rosenbaum disagrees with the Government's assertion that R.N. suffered substantial financial hardship. Specifically, the Government asserts that factor v. applies here as T.N. had to relocate to a less expensive home. However, that does not appear to be the case based upon the impact statement that T.N. submitted. The letter appears to indicate that she still purchased the home she wanted by taking out a high interest loan. Thus, the Government's argument that T.N. experienced a substantial financial hardship by relocating to a less expensive home must fail.

Victim S.F.

Mr. Rosenbaum disagrees with the Government that S.F. experienced a substantial financial hardship with a substantial loss to a retirement fund under factor iii. The Government argues that the loss of $75,000.00 resulted in the loss of one year of retirement income. Defendant argues that the loss of only one year of retirement income does not raise to the level of substantial financial hardship. The Government does not allege that Mr. Rosenbaum's conduct

resulted in a delay in the retirement plans of S.F. Given there are no allegations that Mr. Rosenbaum misconduct resulted in S.F. not being able to retire at all or the loss of the income precluded anything beyond a year's loss worth of retirement income. Thus, this does not rise to the level of substantial financial hardship.

Victim C.P.

Mr. Rosenbaum disagrees with the Government that C.P. experienced a substantial financial hardship under factors iii. and v. The Government failed to show that C.P. experienced a substantial change to living arrangements under factor v. While the Government mentioned the money could have been used to rebuild C.P's home after it was damaged by a hurricane, that is not enough to establish that factor v. applies here. C.P's living arrangements were substantially changed regardless of the $100,000.00 loss because of the damage by the hurricane, which according to the Government required that the house needed to be rebuilt. Presumably, C.P had to relocate due to the extent of the damage to the home requiring it to be rebuilt, not because of the loss of the $100,000.00 due to Mr. Rosenbaum's misconduct.

Rosenbaum is an Eligible Zero Point Offender

Mr. Rosenbaum disagrees with the Government's assertion that he is not eligible for the additional 2-point reduction under 4C1.1. While the Government asserts that Rosenbaum's offense caused substantial financial hardship to at least one victim, this assertion is misplaced in reference to 4C1.1. While 4C1.1 does indicate that an offender would not be eligible for this reduction if there is a finding that Mr. Rosenbaum personally caused substantial financial hardship, Mr. Rosenbaum asserts that this disqualifier does not apply to him. As it is Mr. Rosenbaum's position that a finding that he caused a substantial financial hardship to at least five people must be made by the Court in order for Mr. Rosenbaum to be disqualified from receiving

the two point reduction. As argued above and in Mr. Rosenbaum's sentencing memo, Mr. Rosenbaum asserts that this finding cannot be made based on the insufficient evidence presented by the Government. Without this finding, Mr. Rosenbaum would be eligible for the 2-point reduction. It is the defense position that the requirement of substantial financial hardship goes hand in hand with the 4-level enhancement under application note 4(F) to Guideline 2B1.1 that the Government is seeking.

### **Daniel Rosenbaum Accepts Responsibility For His Actions Contrary to the Government's Assertion of a Lack of Clarity on Rosenbaum's Part**

The Government asserts in their sentencing memorandum that it is unclear whether Mr. Rosenbaum accepts responsibility for his actions. The Government asserts because of a statement in the PSIR which indicated that "Rosenbaum blamed his "Father's enabling parenting style" as the reason he decided to steal from others so that he too could "enable his girlfriends in a similar fashion." Government Sentencing Memorandum ¶ 14. As indicated in Defendant's sentencing memorandum and herein, "Mr. Rosenbaum disputes and objects to the characterization of the statement made by probation and the Government. As Mr. Rosenbaum indicated in the Defendant's Sentencing Memorandum, Mr. Rosenbaum objects to that assertion in the PSIR as he indicates that is not an accurate representation of what was discussed during the interview with the Probation Department. Mr. Rosenbaum submits that his father was generous and unsparing to his children. Mr. Rosenbaum also wanted to be the same unselfish provider but unfortunately lost control over his actions. He does not blame his father for his actions as he disputes this assertion in the PSIR." Defendant Sentencing Memorandum ¶ 3. With this clarification, it is clear that Mr. Rosenbaum was not attempting to deflect or place blame upon his father for his actions in this case. This statement in the PSIR was simply a

4

mischaracterization of what was said. Mr. Rosenbaum does clearly accept responsibility for his actions and again expresses that he is truly remorseful.

## CONCLUSION

WHEREFORE, Defendant, Daniel Rosenbaum, respectfully prays this Honorable Court sentence him to a sentence below the guideline range of 36 months plus a term of supervised release and for any such other relief as this Court deems just.

        Respectfully submitted,

        By:

        /s/Steven R. Decker
        Attorney for Defendant

        /s/James F. DiQuattro
        Attorney for Defendant

Steven R. Decker
900 West Jackson Blvd., Suite 5-East
Chicago, Il 60607
312-738-3773
Stevendecker49@gmail.com

James F. DiQuattro
900 West Jackson Blvd., Suite 5-East
Chicago, IL 60607
312-627-9482
james@diquattrolawoffices.com